# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE HILL : | |
| : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| vs. : | |
| : | NO. 17-CV-2092 |
| LA FITNESS, FEDERAL REALTY : | |
| MANAGEMENT, INC., and : | |
| FITNESS INTERNATIONAL, LLC. : | |
| : | |
| Defendants : | |

## MEMORANDUM AND ORDER

**JOYNER, J.**                                                **April 10, 2018**

This civil, personal injury action has been brought before this Court on motion of Defendants for the entry of summary judgment in their favor. For the reasons which we articulate in the following paragraphs, the motion shall be granted.

### Factual Summary

On August 18, 2016, Plaintiff, Tyrone Hill, suffered a fractured left leg and other injuries as the result of having slipped and fallen over a yoga mat which is alleged to have been mistakenly left on the floor of a basketball court in the LA Fitness facility located at 701 Cathedral Road in the Andorra section of Philadelphia. Plaintiff initiated this suit on March 31, 2017 by filing a Complaint in the Court of Common Pleas of Philadelphia County alleging three counts of negligence against

each of the defendants.[1]  On May 5, 2017, Defendant Fitness International, LLC, t/a LA Fitness, removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332.  An Answer was filed, discovery commenced and this motion for summary judgment was timely filed on January 11, 2018 in accordance with this Court's Scheduling Order.  The essence of Defendants' motion is two-fold: (1) that the action is barred by virtue of an exculpatory clause contained within the membership agreement entered into between Plaintiff and Defendants, and/or (2) that there is insufficient evidence to support Plaintiff's claims of negligence.

**Standards Governing Summary Judgment Motions**

Under Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

In reading this rule, it is clear that summary judgment is appropriately entered only when the movant shows that there is no

---

[1] Although it is not entirely clear from the pleadings, it appears as though Fitness International, LLC is the parent and/or the proper corporate name for LA Fitness inasmuch as there has been only one answer filed on behalf of both of these defendants and it was filed by "Defendant Fitness International, LLC t/a LA Fitness."  No answer at all has been filed on behalf of Federal Realty Management nor has there been any appearance entered on behalf of this defendant which is alleged to be the owner of the property located at 701 Cathedral Road.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Willis v. UPMC Children's Hospital of Pittsburgh, 808 F.3d 638, 643 (3d Cir. 2015). An issue of fact is material and genuine if it "affects the outcome of the suit under the governing law and could lead a reasonable jury to return a verdict in favor of the nonmoving party." Parkell v. Danberg, 833 F.3d 313, 323 (3d Cir. 2016)(quoting Willis, supra. and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248,106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

In considering a motion for summary judgment, the reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Burton v. Teleflex, Inc., 707 F.3d 417, 425 (3d Cir. 2013). "If the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006)(quoting Wetzel v. Tucker, 139 F.3d 380, 383, n.2 (3d Cir. 1998)). In response, and "to prevail on a motion for summary judgment, 'the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the non-movant.'" Burton, supra,(quoting Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)). Thus, "[t]he moving

party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Moody v. Atlantic City Board of Education, 870 F.3d 206, 213 (3d Cir. 2017)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)).[2]

## **Discussion**

As stated, Defendants first assert that summary judgment is properly entered in their favor for the reason that Plaintiff agreed, by entering into the Membership Agreement, to waive any claims which he may at anytime have for personal injuries caused by, *inter alia*, the negligence of LA Fitness, its employees, directors, officers, and agents. Specifically, the exculpatory clause upon which Defendants rely reads as follows in relevant part:

> **IMPORTANT: RELEASE AND WAIVER OF LIABILITY AND INDEMNITY.**
> You hereby acknowledge and agree that use by Member and/or

---

[2] Rule 56(c), discussing summary judgment procedures, is in accord and states as follows in pertinent part:

> **(1) Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> ...

4

by Member's minor children of LA Fitness' facilities, services, equipment or premises, involves risks of injury to persons and property, including those described below, and Member assumes full responsibility for such risks.  In consideration of Member and Member's minor children being permitted to enter any facility of LA Fitness (a "Club") for any purpose including, but not limited to, observation, use of facilities, services or equipment, or participation in any way, Member agrees to the following: Member hereby releases and holds LA Fitness, its directors, officers, employees, and agents harmless from all liability to Member, Member's children and Member's personal representatives, assigns, heirs, and next of kin for any loss or damage, and forever gives up any claim or demands therefore, on account of injury to Member's person or property, including injury leading to the death of member, whether caused by the active or passive negligence of LA Fitness or otherwise, to the fullest extent permitted by law, while Member or Member's minor children are in, upon, or about LA Fitness premises or using any LA Fitness facilities, services or equipment.  Member also hereby agrees to indemnify LA Fitness from any loss, liability, damage or cost La Fitness may incur due to the presence of member or Member's children in, upon or about the LA Fitness premises or in any way observing or using any facilities or equipment of LA Fitness whether caused by the negligence of Member(s) or otherwise.  You represent (a) that Member and Member's minor children are in good physical condition and have no disability, illness, or other condition that could prevent Member(s) from exercising without injury or impairment of health, and (b) that Member has consulted a physician concerning an exercise program that will not risk injury to Member or impairment of Member's health. **Such risk of injury includes (but is not limited to):** injuries arising from use by Member or others of exercise equipment and machines; injuries arising from participation by Member or others in supervised or unsupervised activities or programs at a Club; **injuries and medical disorders arising from exercising at a Club such as** heart attacks, strokes, heat stress, **sprains, broken bones, and torn muscles and ligaments, among others; and accidental injuries occurring anywhere in Club dressing rooms, showers and other facilities**.  Member further expressly agrees that the foregoing release, waiver and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the State of Pennsylvania and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full force and effect. Member has read this release and waiver of liability and

5

indemnity clause, and agrees that no oral representations, statements or inducement apart from this Agreement have been made.

....

(Emphasis added).

At the top of the Membership Agreement, the opening paragraph states:

It is agreed by and between Fitness International, LLC, d/b/a LA Fitness ("LA Fitness") and you, the undersigned Buyer (individually, if you are the Member, and/or as agent or guardian of the Member or responsible party), that you are purchasing a Membership from LA Fitness according to the terms on both pages of this Membership Agreement and the current Membership Policies and Club Rules and Regulations provided herewith ("Agreement").

The Pennsylvania Supreme Court has held that "an exculpatory clause is valid when three conditions are met. First, the clause must not contravene public policy. Secondly, the contract must be between persons relating entirely to their own private affairs and thirdly, each party must be a free bargaining agent to the agreement so that the contract is not one of adhesion." Chepkevich v. Hidden Valley Resort, L.P., 607 Pa. 1, 2 A.3d 1174, 1189 (2010)(citing Princeton Sportswear Corp. v. H. & M. Associates, 510 Pa. 189, 507 A.2d 339 (1986) and Employers Liability Assurance Corp. v. Greenville Business Men's Association, 423 Pa. 288, 224 A.2d 620 (1966)). Further, "even once an exculpatory clause is determined to be valid, it will, nevertheless, still be unenforceable unless the language of the

parties is clear that a person is being relieved of liability for his own acts of negligence." Id. In interpreting such clauses, the courts should adhere to these "guiding standards":

> 1) the contract language must be construed strictly, since exculpatory language is not favored by the law; 2) the contract must state the intention of the parties with the greatest particularity, beyond doubt by express stipulation, and no inference from words of general import can establish the intent of the parties; 3) the language of the contract must be construed, in cases of ambiguity, against the party seeking immunity from liability; and 4) the burden of establishing the immunity is upon the party invoking protection under the clause.

Id.(citing Dilks v. Flohr Chevrolet, 411 Pa. 425, 192 A.2d 682 (1963)).

Although not necessarily favored by the courts, "[t]he Supreme Court of Pennsylvania has 'consistently been reluctant to invalidate a contractual provision due to public policy concerns.'" Toro v. Fitness International, LLC, 2016 PA Super 243, 150 A.3d 968, 973 (Pa. Super. 2016); Muller v. Aquatic & Fitness Center, 2015 Pa. Super. Unpub. LEXIS 406 at *21, 120 A.3d 1048 (Pa. Super. March 9, 2015). Indeed, contracts against liability will be held to violate public policy only when they involve a matter of interest to the public or the state. Seaton v. East Windsor Speedway, Inc., 400 Pa. Super. 134, 582 A.2d 1380, 1382 (Pa. Super. 1990). "Such matters of interest to the public or the state include the employer-employee relationship, public service, public utilities, common carriers, and hospitals." Toro, supra,(quoting Seaton, supra); Hinkal v.

7

Pardoe, 2016 PA Super 11, 133 A.3d 738, 742 (Pa. Super. 2016).

In recent years, the Pennsylvania Superior Court has on two occasions considered and upheld the identical exculpatory clause at issue by granting summary judgment motions in negligence actions involving Fitness International, a/k/a and or t/a LA Fitness. In the first of these, the Toro case cited above, the Plaintiff was injured in August, 2012 when he slipped and fell on an "unusual buildup of soapy water" which was "cloudy" in the shower area of the men's locker room at an LA Fitness facility in Langhorne, Pennsylvania. In moving for summary judgment on Toro's complaint alleging one count of negligence, Defendant Fitness International/LA Fitness asserted that Toro could not meet his burden of proving negligence and that even if he could, his claim was precluded under the terms of the Membership Agreement. The trial court granted the motion on both grounds and the Superior Court affirmed. In rejecting Toro's argument that the Waiver Clause of the Membership Agreement contravened public policy because it related to "health and safety," the Superior Court, in reliance upon Hinkal and Chepkevich, both supra, reiterated that "[w]here, as here, an individual is engaged in a voluntary athletic or recreational activity, ... an exculpatory clause in a contract for use of facilities is not contrary to public policy." Toro, 150 A.3d at 974 (citing Chepkevich, 2 A.3d at 1191, McDonald v. Whitewater Challengers,

8

Inc., 2015 PA Super 104, 116 A.3d 99, 120 (Pa. Super 2015), and Valeo v. Pocono Int'l Raceway, Inc., 347 PA. Super. 230, 500 A.2d 492, 493 (Pa. Super. 1985)). "'[The exculpatory language at issue cannot be said to violate public policy because it was an agreement between a private individual and entities, and because it did not address matters of interest to the public or the state.'" Id.(quoting Hinkal, 133 A.3d at 741-742).

In the second, very recent case - Vinson v. Fitness & Sports Clubs, LLC, No. 2875 EDA 2016, 2018 Pa. Super. Unpub. LEXIS 859 (Pa. Super. March 28, 2018), the Superior Court was again faced with the identical issue: whether the same exculpatory clause in the LA Fitness Membership agreement applied to foreclose a negligence cause of action for injuries sustained by a plaintiff who was injured when she tripped and fell on a wet floor mat. In rejecting the Plaintiff's contention that the clause was in contravention of public policy and thus invalid because her claim involved the maintenance of facilities used by members of the public, the Court looked to the private nature of the Membership Agreement and reaffirmed that where private individuals are voluntarily engaged in recreational activity, the case "is not classifiable as a matter of public or state interest." 2018 Pa. Super. Unpub. at *11. The Vinson Court went on to state:

> Here, Vinson was voluntarily engaged in recreational activity, attending the gym, and was subject to the Membership Agreement, an agreement between private parties. Vinson has not identified any statutory provision, no

9

administrative regulation, or any legal precedent to support her claim that the Exculpatory Clause was unenforceable. She instead relies on mere suppositions of the public interest, which are insufficient to invalidate a contract provision for violation of public policy. ... (citation omitted)

Id, at *13.

In this case, Plaintiff does not appear to be challenging the validity of the membership agreement's exculpatory clause on the grounds that it is ambiguous, in contravention of public policy or that it is one of adhesion. Rather, Plaintiff contends that there is a material issue of fact as to whether he signed the agreement. In this regard, Plaintiff points exclusively to his own deposition testimony in response to being questioned as to whose signature appeared at the bottom of the first page of the membership agreement:

> Q. Sir, we just marked a three-page document as P-1. The top left-hand corner of the first pages says, "L.A. Fitness" and right underneath that it says "Name: Hill, Tyrone." Do you see that?
>
> A. Yes.
>
> Q. My question first is: Do you recognize this document?
>
> A. Yes, I do.
>
> Q. Is that your signature that appears on the bottom of the first page?
>
> A. No.
>
> Q. Do you know who's signature that is?
>
> A. Yes, that's my ex's. She helped me sign up when I got the actual account that day.

Q. Did you sign a separate copy from the one that your ex'ed (sic) signed?

A. Did I sign a separate one?

Q. Right.

A. I mean, I don't believe so. If I'm not mistaken, I think she used her card for me. Because I didn't have a card. She had to sign me up, membership, because I didn't have a card at the time. That's the only way she would be on there.

Q. When you say card, do you mean credit card?

A. Yeah, I didn't have a card. When you get a membership, you had to have a card on file. You can't just give cash. You have to have a card on file. I didn't at the time. She signed me up.

Q. So a credit card?

A. Whatever, ATM card, bank card, whatever.

Q. What's your ex's name?

A. Tiffany.

Q. Directing your attention to the second and third page, do you see several instances where it says, "Members/Buyers Initials."

A. Oh yeah.

Q. Do you see that?

A. Hm-hmm.

Q. Is that yes?

A. Yes.

Q. Do you remember where you were when you initialed this?

A. What branch?

Q. Yes.

> A. I don't. It could be one of two places.
>
> Q. Which two places?
>
> A. You know what, it was the branch on City Line Avenue. It had to be City Line Avenue.
>
> ...
>
> The Plaintiff further testifed:
>
> Q. Did you have any conversations with an L.A. Fitness employee when you were going over – when you were initialing this document?
>
> A. I'm pretty sure I had conversations.
>
> Q. Do you remember it?
>
> A. I don't remember what conversations.
>
> Q. Do you remember who at L.A. Fitness you were talking with when you initialed the document?
>
> A. No.
>
> Q. Did you read it before you initialed it?
>
> A. Yes.

(Deposition of Tyrone Hill, taken November 9, 2017, pp. 17-21).

As is clear from the preceding testimony, while Plaintiff may not have signed the first page of the membership agreement, he did read the document and initialed the remaining pages, including the exculpatory clause, which was set forth on the second page of the agreement in a box and in larger typeface from the rest of the document. In so doing, we find that Plaintiff understood that he was entering into a written contract which was setting forth the terms and conditions of his membership with LA

Fitness, including the fact that he was giving up the right to make any claim(s) against LA Fitness for any loss or damages which he might incur as the result of any active or passive negligence on its part. By acknowledging that he read the agreement and that he initialed the pages of the membership agreement, we likewise conclude that Plaintiff voluntarily entered into the agreement with Defendants. Consequently, we conclude that under the authority outlined above: the exculpatory clause does not violate any public policy, it is clearly between persons relating entirely to their own private affairs both of whom were free bargaining agents to the agreement, and the contract here is therefore not one of adhesion. Seeing no reason to set the said exculpatory clause aside, we shall grant Defendants' motion for summary judgment.

An Order follows.[3]

---

[3] In view of our determination that there can be no liability as the result of the operation of the membership agreement's exculpatory clause, we need not reach Defendants' argument regarding the insufficiency of Plaintiff's evidence.